UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STEFANO GIOVACCHINI, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CINCINNATI INSURANCE COMPANY,<br><br>    Defendant. | Case No. 22-cv-07787-LB<br><br>**ORDER REGARDING REBUTTAL EXPERT TESTIMONY**<br><br>Re: ECF No. 47 |

**INTRODUCTION**

This is a dispute about whether the plaintiffs' rebuttal expert's opinions are appropriate rebuttal opinions. The plaintiffs sued the defendant under their homeowners' policy for water damage to the interior and exterior of their home resulting from a storm. The defendant's expert gave his opinion about the costs to repair the interior damage. He did not assess the costs of exterior repairs, and he did not opine about covered loss under the insurance contract. The plaintiffs designated a rebuttal expert, who is a lawyer, to testify about (1) damages from the water and costs of repair and (2) and the expert's assumptions that caused him to calculate damages only for interior repairs (and not exterior repairs). They did not disclose a report, the expert's CV, or other mandatory disclosures under Fed. R. Civ. P. 26(a)(2)(B). The defendant moved to strike the expert and exclude his testimony on the grounds that the plaintiffs did not comply with Rule 26(a)(2)(A), and the expert's opinions either duplicate the originally disclosed experts or are

outside the scope of the initial expert testimony. The plaintiffs did not comply with Rule 26(a)(2)(B). but they can cure that error. On this record, the rebuttal opinions either duplicate information that should have been in the plaintiffs' initial reports or are outside the scope of the defendant's expert opinions. They thus are not appropriate rebuttal opinions.

### STATEMENT

This is an insurance-coverage case involving the plaintiffs' claim under their homeowners' policy for interior and exterior water damage from a major storm (characterized as "a massive bomb cyclone and atmospheric river").[1] After the defendant denied coverage, the plaintiff sued for breach of contract and breach of the implied covenant of good faith and fair dealing.[2]

The parties disclosed their experts on August 23, 2024.[3] The plaintiffs designated two experts. First, they designated James Range of Range & Associates to testify on the following topics:

> (1) cause and origin of the subject water damage; (2) scene analysis (3) reconstruction; (4) damage resulting from the water intrusion; (5) construction practices related to waterproofing residential structures; (6) forensic investigation principles related to water intrusion in residential structures; (7) water staining and mold; (8) design and construction of plaintiffs' residence, including the water drainage system; (9) analysis of any borescope or other imaging; (10) general property damage; (11) scope of repair; (12) cost of repair; and (13) any other subjects or opinions referenced in his report or in subsequent deposition testimony, including reasonable inferences arising therein.[4]

Second, they designated Gabe Moufarrej of GEM Builders as a non-retained expert to testify on the following topics:

> (1) the water intrusion incident; (2) the cause and origin of the water intrusion; (3) the design of the subject property where the water intrusion occurred; (4) the construction of the subject property where the water intrusion occurred; (5) water proofing; (6) the condition of the deck; (7) maintenance of the subject property,

---

[1] Compl., Ex. A to Notice of Removal – ECF No. 1-1 at 4 (¶¶ 5–6); 5 (¶¶ 9–10). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 5–6 (¶¶ 15–18); 6–9 (¶¶ 20–45)

[3] Mrowka Decl. – ECF No. 47-1 & Disclosures., Exs. A-B to *id.*

[4] Pls.' Disclosure., Ex. A to *id.* – ECF No. 47-1 at 6 (p. 2:1–8).

ORDER – No. 22-cv-07787-LB                   2

including the deck; (8) scope of repair; (9) cost of repair; and (10) mitigation efforts.[5]

The defendant disclosed two retained experts, Sean Hallet, P.E., to opine on the cause and origin of the claimed damage, and Jeff Jones of Young & Associates to opine on the scope and cost of repairs.[6] The disclosure of Mr. Jones's expert opinion is the relevant disclosure:

> YOUNG and Associates (YA) was retained . . . for the purpose of:
>
> - Review and provide comment on Insured's Contractor GEM Builders repair scope and costs.
> - Identifying the necessary scope of repair work to be performed at the property due to water intrusion.
> - Estimating the repair costs associated with the interior water damage to the property.
>
> YA was neither retained to opine as to any aspect of insurance coverage nor to provide any origin and cause determination.
>
> The scope of work was limited to resulting water damage only to interior finishes and excludes any repairs to existing structural members which would appear to be long term exposure to moisture, any exterior repairs or exterior work related to the correction of construction deficiencies leading to the cause of the water intrusion to the interior of the residence, and any interior or exterior finishes removed to facilitate repairs related to structural or exterior building envelope repairs.[7]

On September 20, 2024, the plaintiffs designated their rebuttal expert Tim Larsen, who is an attorney and a public adjuster, to opine on the following topics:

> (1) the scope of services and assumptions underlying the Jeff Jones expert report; (2) insurance coverage under the CIC policy; (3) the scope of repair; (4) damage resulting from the water intrusion; (5) cost of repair; and (6) any other subjects or opinions referenced in his report or in subsequent deposition testimony, including reasonable inferences arising therein. . . .
>
> . . .
>
> Mr. Larsen will opine that the assumptions underlying the Jeff Jones report regarding the limitation to resulting water damage only to interior finishes and excluding any repairs to existing structural members misstates the coverage obligation CIC has under the subject policy. Accordingly, Mr. Jones' estimating process and subsequent itemized cost estimate understates the amount of costs to which the plaintiffs are

---

[5] *Id.* (p. 2:15–19).

[6] Def.'s Disclosure, Ex. B to Mrowka Decl. – ECF No. 47-1 at 14–59.

[7] *Id.* at 53.

entitled. Moreover, the repair costs charged by GEM Builders falls within a reasonable range of repair costs given the damages covered by the subject policy.

The disclosure did not include a report, any exhibits, a CV, a list of publications, or other cases where the expert testified.[8] *See* Fed. R. Civ. P. 26(a)(2) (required expert disclosures).

The defendants' experts were deposed on October 16, 2024. No questions were asked about insurance coverage, and neither expert opined on the topic of insurance coverage.[9]

The court held a hearing on December 5, 2024.

## ANALYSIS

The defendant moved to strike the plaintiffs' rebuttal-expert disclosure and exclude the expert on the grounds that the disclosure did not comply with Fed. R. Civ. P. 26(a)(2)(B), and it is not rebuttal testimony. On this record, the opinions are not proper rebuttal testimony.

When a party retains an expert witness, the disclosure must be accompanied by a written report, prepared and signed by the expert, with the following information:

    (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

    (ii) the data or other information considered by the witness in forming them;

    (iii) any exhibits that will be used to summarize or support them;

    (iv) the witness's qualifications, including a list of all the publications authored in the previous 10 years;

    (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

    (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). Rebuttal reports are "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in that party's expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii). Parties are not allowed to use a rebuttal report as a "backdoor to introduce analysis that could have been included in the opening report." *City & Cnty. of S.F. v. Purdue Pharma L.P.*, No. 18-CV-07591-CRB, 2022 WL 1203075, at *2 (N.D. Cal. Apr. 22,

---

[8] Pls.' Rebuttal Disclosure, Ex. C to Mrwoka Decl. – ECF No. 47-1 at 61–65.

[9] Mrwoka Decl. – ECF 47-1 at 2 (¶ 6).

2022). The deadline for disclosures for rebuttal experts is thirty days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (allowing other sanctions instead of or in addition to this sanction, including attorney's fees caused by the failure, informing the jury of the failure, or imposing other sanctions listed in Rule 37(b)(2)(A)(i)–(vi)); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The plaintiffs admit that they did not comply with the expert disclosure rules, explain that they recognized the need to rebut Mr. Jones's testimony only "shortly before the rebuttal deadline became due," and offer to correct the procedural errors.[10] If this were the only error, then the court would allow that remedy and would entertain the defendant's motion under Rule 37(c)(1) for any attorney's fees caused by the failure. The main issue thus is whether the testimony is proper rebuttal testimony.

The defendant contends that because they did not designate their witnesses to opine on coverage, the plaintiffs' rebuttal witness is not a legitimate rebuttal witness on this issue. Any other opinions are part of the plaintiffs' case in chief and duplicate the originally disclosed experts.[11] The plaintiffs counter that the scope of services analyzed by Mr. Jones — damage to the home's interior — was based on the defendant's "policy determination that only interior repairs were covered by the policy." It cannot impeach Mr. Jones because assessing exterior repairs was outside the scope of his retention.[12] The plaintiffs thus offer their rebuttal expert's testimony "regarding the arbitrary restrictions and limitations imposed by Defendant on the scope of its own expert's analysis, and a discussion of how those limitations impacted and undervalued the resulting opinions."[13] They also

---

[10] Opp'n – ECF No. 48 at 5–6.

[11] Mot. – ECF No. 47 at 7–9; Reply – ECF No. 49 at 5.

[12] Opp'n at 2–3.

[13] *Id.* at 3.

intend to offer his "declaration in support of their motion for summary judgment based on the insurance coverage."[14]

To the extent that Mr. Jones testifies about coverage issues, that issue seemingly is not rebuttal testimony. He also cannot "introduce analysis that could have been included in the opening report." *City & Cnty. of S.F.*, 2022 WL 1203075, at *2.

The plaintiffs cite no cases that have allowed rebuttal testimony like the testimony they propose. They cite *Rowe v. DPI Speciality Foods, Inc.*, for the proposition that a rebuttal expert can address the initial expert's assumptions. No. 2:13-cv-00708-DN-DJF, 2015 WL 4949097 at *4, 6 (D. Utah Aug. 19, 2015). But that case concerned the reliability of principles and methods. Of course experts can challenge the underlying methodology. But all that is involved here is the scope of work. The plaintiffs assert that exterior repairs are covered by the policy, and the defendants contend that they are not (and limited the scope of their damages expert accordingly). The plaintiffs' other cases similarly can be distinguished on the ground that they involved challenges to methodology, not a challenge to a party's telling its experts to calculate the costs of repairs only to part of the property. *Slicex, Inc. v. Aeroflex Colo. Springs, Inc.*, No. 2:04-cv-615-TS, 2006 WL 1932344, at *3 (D. Utah July 11, 2006) (allowed rebuttal expert to address the methodology and assumptions used by the plaintiff's expert); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC,* 09-61490-Civ., 2011 WL 2295269 at *6 (S.D. Fla. June 8, 2011) (rebuttal expert could challenge the initial expert's apportionment of sales as profits and testify about the mathematical and economic reasons why the use of national sales and profit figures were incorrect).

On this record, then, there is no basis to conclude that the plaintiff's rebuttal expert can provide a rebuttal opinion to the initial expert's opinion: either it is an opinion that could have been in the initial report or it is improper rebuttal testimony about coverage that is outside the scope of the original expert's opinion. Also, the coverage issue seemingly is a question of law for the court, not a fact issue. *Devin v. United Servs. Auto. Assn.*, 6 Cal. App. 4th 1149, 1157 & 1158 n.5 (1992) (cleaned up) ("The interpretation of the scope of a policy is a question of law, as is

---

[14] *Id.* at 5–6.

whether an insured could reasonably expect a defense under the policy. Experts may not opine on pure questions of law, and expert opinions on legal questions do not inhibit a grant of nonsuit.") The issue also will be evident at any trial through direct and cross-examination of the witness.

A problem, however, is that the court does not have the rebuttal expert's report because the plaintiffs did not disclose it. If the plaintiffs disclose a report (curing the Rule 26(a)(2)(B) procedural issues), then the parties can raise anything in the report that changes this analysis. If the plaintiffs elect that route, then they must disclose the report or provide a timeline for doing so by December 19, 2024. The defendant can reserve any Rule 37(c)(1) motion for sanctions in the form of attorney's fees until after the expert issues have been resolved.

## CONCLUSION

The court grants the defendant's motion. This resolves ECF No. 47.

**IT IS SO ORDERED.**

Dated: December 10, 2024

_____
LAUREL BEELER
United States Magistrate Judge